UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS NURSING HOME LLC d/b/a GOLDEN ACRES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-2557-B |
| KATHLEEN SEBELUIS, Secretary of the United States Department of Health and Human Services, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kathleen Sebelius' Motion for Remand (doc. 16), filed June 7, 2011. Having considered the Motion, the Court is of the opinion that it should be and hereby is **GRANTED** and this case **REMANDED** to the Secretary of the Department of Health and Human Services "Secretary").

I.

This is a case for declaratory and injunctive relief involving Medicaire reimbursement for hospice services. (*See generally* Pl.'s Compl.). Plaintiff is in the business of providing hospice care and services to eligible terminally-ill Medicare patients. (*Id.* ¶ 1). Annual Medicare payments to hospice providers like Plaintiff are capped; if a hospice provider exceeds its cap allowance for a given year, it must repay the difference to the Centers for Medicare and Medicaid Services ("CMS"), a division of the Department of Health and Human Services. (*Id.* ¶ 3).

On March 16, 2010, based on its calculation of Plaintiff's cap obligation for the fiscal year

2008, CMS demanded repayment of $741,643 in cap overages. (*Id.* ¶ 4). Plaintiff filed an appeal of this determination with the Provider Reimbursement Review Board ("PRRB"), which granted Plaintiff's request for expedited judicial review. (*Id.* ¶ 5). Plaintiff then properly filed the instant suit in this Court (doc. 1) on December 15, 2011.

On April 14, 2011, the Administrator of CMS issued a ruling that modifies the manner in which the hospice cap is calculated for hospice providers with "a properly pending appeal in any administrative appeals tribunal." (Def.'s Mot. Dismiss 3 & n.1). The Secretary now seeks remand of this case to CMS in light of this ruling. (*Id.* at 4). While the ruling has no binding effect on cases that had already been appealed to judicial courts, the Secretary represents to the Court that if the matter is remanded, CMS will recalculate Plaintiff's cap using the same standard. (*Id.*). The Secretary further contends that remand is the only proper course of action in this case because even if the case were to be fully adjudicated in favor of Plaintiff, the result would nonetheless be remand to the agency for recalculation. (*See id.* at 4-8).

Plaintiff disagrees, responding that remand would not give Plaintiff the full extent of the relief it is entitled to. (*See generally* Pl.'s Resp.). Instead, Plaintiff contends that it is entitled to (1) a ruling that the hospice cap is unlawful; (2) the setting aside of CMS' demand under the hospice cap; (3) an injunction against CMS from enforcing repayment demands based on the calculation; and (4) a credit of funds previously collected by CMS on its hospice cap demand. (Pl.'s Resp. 3-4).

II.

The Court finds that remand is the appropriate course of action under *Lion Health Services, Inc. v. Sebelius*, 635 F.3d 693 (5th Cir. 2011). In that case, a hospice-care provider sued the Secretary based on the Secretary's demand for repayment of hospice cap overages. *Id.* at 697. The

district court, in granting the provider's motion for summary judgment, declared the regulation forming the basis of the Secretary's calculation to be unlawful, enjoined the Secretary from either enforcing an overpayment calculation based on that regulation or using the regulation in any other calculation relating to the plaintiff, and ordered the refund of all payments the plaintiff had already made to the Secretary on its repayment obligations. *Id.* at 698. These requests are virtually identical to the relief sought by Plaintiff in the instant case. (*See* Pl.'s Resp. 3-4).

The Secretary appealed the district court's ruling, in part contending that the district court erred in ordering the return of the provider's monies paid on its repayment obligations. *Id.* at 702-03. The Fifth Circuit agreed, finding the issue to be a "question[] which ha[s] not yet been considered by the administrative agency but [is] nevertheless within the agency's authority." *Id.* at 703 (quoting *Presbyterian Hospital of Dallas v. Harris*, 638 F.2d 1381, 1389 (5th Cir. Unit A 1981). The court concluded that "the determination of the amount of refund owed to Lion is a matter properly within the agency's authority," and thus that the district court "abuse[d] its discretion" in ordering a refund "rather than remanding [to the agency] for recalculation of the refund amount." *Id.* at 703-04.

In the instant case, Plaintiff unequivocally seeks the refund of any monies paid on its repayment obligations: "Golden Acres should be entitled to a credit of funds previously collected by CMS from Golden Acres on the hospice cap demand." (Pl.'s Resp. 4). Because this Court cannot grant Plaintiff the relief requested without deciding a question not yet considered by CMS, it would be an abuse of discretion for this Court not to remand the case to the Secretary.

### III.

Accordingly, the Court **ORDERS** that the challenged hospice cap repayment demand to Plaintiff for fiscal year 2008 is hereby set aside and this matter is **REMANDED** to the Secretary for

recalculation of the amount of Plaintiff's fiscal year 2008 Medicare cap obligation.

    SO ORDERED.

    DATED August 31, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE